Jeffrey G. Maxwell, ABA #1705026
Barlow Coughran Morales & Josephson, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@bcmjlaw.com

Counsel for Plaintiffs
Operating Engineers Trust Funds

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND; LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT FUND; and ALASKA OPERATING ENGINEERS-EMPLOYERS TRAINING TRUST FUND, <br><br> Plaintiffs, <br><br> v. <br><br> ALASKA INDUSTRIAL, LLC, an Alaska limited liability company; and JEFFREY DAY, an individual, <br><br> Defendants. | Case No. |

**COMPLAINT FOR MONETARY DAMAGES**

**I. PARTIES**

1.1   Plaintiff Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund (the "Health and Security Trust") is a Taft-Hartley trust fund established to create and administer one or more employee welfare benefit plans for

COMPLAINT FOR MONETARY DAMAGES – 1

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 4:21-cv-00017-JMK   Document 1   Filed 07/21/21   Page 1 of 10

participating employees and their beneficiaries. The Health and Security Trust maintains its principal office in Seattle, King County, Washington.

1.2 Plaintiff Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Fund (the "Retirement Trust") is a Taft-Hartley trust fund established to create and administer one or more employee pension benefit plans for participating employees and their beneficiaries. The Retirement Trust maintains its principal office in Seattle, King County, Washington.

1.3 Plaintiff Alaska Operating Engineers-Employers Training Trust Fund (the "Training Trust") is a Taft-Hartley trust fund established to create and administer one or more training plans for participating employees. The Training Trust maintains its principal offices in both Seattle, King County, Washington and Anchorage, Alaska.

1.4 The Plaintiffs are commonly referred to collectively as the Local 302/612 Operating Engineers Trust Funds.

1.5 Defendant Alaska Industrial, LLC. ("Alaska Industrial") is an Alaska limited liability company with its principal place of business in North Pole, Alaska.

1.6 Defendant Jeffrey Day is an individual who, upon information and belief, resides in Fairbanks, Alaska. Mr. Day is also the sole member/owner of Defendant Alaska Industrial.

## II. JURISDICTION AND VENUE

2.1 This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1). This Court has supplemental jurisdiction over the claims against Defendant Jeffrey Day under 28 U.S.C. §1367.

COMPLAINT FOR MONETARY DAMAGES – 2

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 4:21-cv-00017-JMK   Document 1   Filed 07/21/21   Page 2 of 10

2.2     Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2).

## III.  FACTS

**A.     Facts Relating to Defendant Alaska Industrial, LLC.**

3.1     On or about August 12, 2016, Jeffrey Day executed a Sand and Gravel Agreement on behalf of Alaska Industrial with the International Union of Operating Engineers, Local 302 (the "Union").

3.2     The Truck Shop Agreement became effective on August 1, 2016 and continues in force year-to-year under an evergreen clause, unless either Alaska Industrial or the Union gives notice of intent to terminate the labor agreement.

3.3     By becoming party to the Sand and Gravel Agreement, Alaska Industrial agreed to report and make fringe benefit contributions to the Local 302/612 Operating Engineers Trust Funds.

3.4     On or about August 15, 2016, Jeffrey Day also executed a Truck Shop Agreement on behalf of Alaska Industrial with the Union.

3.5     The Truck Shop Agreement became effective on August 15, 2016 and continues in force year-to-year under an evergreen clause, unless either Alaska Industrial or the Union gives notice of intent to terminate the labor agreement.

3.6      By becoming party to the Truck Shop Agreement, Alaska Industrial agreed to report and make fringe benefit contributions to the Local 302/612 Operating Engineers Trust Funds.

3.7     The Local 302/612 Operating Engineers Trust Funds are beneficiaries under the terms of both the Sand and Gravel Agreement and the Truck Shop Agreement.

COMPLAINT FOR MONETARY DAMAGES – 3

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.8     By executing the Sand and Gravel Agreement and the Truck Shop Agreement, as discussed above, Alaska Industrial agreed to the terms of the (i) Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund; (ii) Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Fund; and (iii) Alaska Operating Engineers-Employers Training Trust Fund.

3.9     Alaska Industrial's obligations under the Health and Security Trust are set forth in part in Article II, Sections 8 – 9 and Article IV, Section 17 of the *Revised Trust Agreement of Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund*, dated October 1, 1993, and as amended. Under the Health and Security Trust, Alaska Industrial agreed to, among other things:

- Submit its reports on or before the 15th day of the calendar month immediately following the month for which the contributions are payable, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twenty percent (12%) but not less than $25.00 on all delinquent contributions;

- Payment of interest of twelve percent (12%) on all delinquent contributions from the due date until the date of payment; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.10    Alaska Industrial's obligations under the Retirement Trust are set forth in part in Article IX, Sections 8 – 9 and Article IV, Section 17 of the *Revised Trust Agreement of Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Fund*, dated April 1, 1993, and as amended. Under the Retirement Trust, Alaska Industrial agreed to, among other things:

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Submit its reports on or before the 15th day of the calendar month immediately following the month for which the contributions are payable, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twenty percent (12%) on all delinquent contributions;

- Payment of interest of twelve percent (12%) on all delinquent contributions from the due date until the date of payment; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.11 Alaska Industrial's obligations under the Training Trust are set forth in Article II, Sections 8 – 9, and Article IV, Section 4 of the *Revised Agreement and Declaration of Trust of the Alaska Operating Engineers-Employers Training Trust Fund*, dated January 12, 1993. Under the Training Trust, Alaska Industrial agreed to, among other things:

- Submit its reports on or before the 15th day of the calendar month in which the contributions become payable, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of twelve percent (12%) on all delinquent contributions from the due date until the date of payment and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.12 Upon information and belief, following execution of the Sand and Gravel Agreement and the Truck Shop Agreement, Alaska Industrial used employees to perform covered

COMPLAINT FOR MONETARY DAMAGES – 5

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 4:21-cv-00017-JMK   Document 1   Filed 07/21/21   Page 5 of 10

work subject to the Master Labor Agreement. Alaska Industrial also began its monthly reporting and payment of fringe benefit contributions to the Local 302/612 Operating Engineers Trust Funds.

3.13 While Alaska Industrial provided the Local 302/612 Operating Engineers Trust Funds with monthly employer remittance reports for the period July 2020 through April 2021, the company was not timely with its reports and with a few exceptions, failed to pay all reported contributions. Alaska Industrial's delinquent reporting and payment of contributions also caused the company to incur liquated damages and interest, which have bene assessed to the company's account. Alaska Industrial also owes an additional amount for attorney fees, and costs of collection for that period.

3.14 As of the date of this complaint, Alaska Industrial owes the Local 302/612 Operating Engineers Trust Funds $141,563.16 for the period June 1, 2020 through June 30, 2021, consisting of $100,966.54 in delinquent fringe benefit contributions, $31,102.99 in liquidated damages, and $9,493.63 in accrued, prejudgment interest.

3.15 Upon information and belief, Alaska Industrial's failure to properly report and pay fringe benefit contributions to the Local 302/612 Operating Engineers Trust Funds is continuing.

B. **Facts Relating to Defendant Jeffrey Day.**

3.16 On or about June 12, 2020, Defendant Alaska Industrial, LLC entered into a Settlement Agreement with the Local 302/612 Operating Engineers Trust Funds. The Settlement Agreement contained, in part, a payment plan under which Alaska Industrial was to pay off amounts owed to the Local 302/612 Operating Engineers Trust Funds under 11 federal court judgments against the company, as well as amounts claimed as owed in three additional federal court lawsuits. Under the terms of the Settlement Agreement, Alaska Industrial was to make forty-three payments of $7,500.00, plus one final payment of $653.08 plus post-judgment interest in an

COMPLAINT FOR MONETARY DAMAGES – 6

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 4:21-cv-00017-JMK   Document 1   Filed 07/21/21   Page 6 of 10

unspecified amount. Alaska Industrial also agreed to remain current with its ongoing reporting and payment of fringe benefit contributions as a condition of settlement.

3.17　Upon successful completion of the Settlement Agreement payment plan, the Local 302/612 Operating Engineers Trust Funds would partially waive a portion of the assessed liquidated damages, "pre-settlement interest," attorney fees, and costs.

3.18　The Settlement Agreement contains a provision for additional attorney fees and costs arising from enforcement of Alaska Industrial's obligations.

3.19　On June 12, 2020, Jeffrey Day executed a Personal Guaranty of all amounts owed by Alaska Industrial under the Settlement Agreement. By its terms, the Personal Guaranty is subject to the laws of the State of Washington.

3.20　Alaska Industrial made the first $7,500 installment payment to the Local 302/612 Operating Engineers Trust Funds on or about June 30, 2020.

3.21　Alaska Industrial did not make the second installment payment, which was due on or before July 31, 2020.

3.22　Alaska Industrial was provided a written notice of breach of settlement on September 25, 2020. The notice of breach was also sent to the attention of Jeffrey Day, the guarantor. The notice of breach of Settlement Agreement provided that if Alaska Industrial did not cure its breaches prior to October 5, 2020, the company would be in default, the Settlement Agreement would terminate, and the Personal Guaranty would be enforced by all lawful means.

3.23　Alaska Industrial did not cure its defaults on or before October 5, 2020. Defendant Jeffrey Day did not provide payment of Alaska Industrial's obligations as required by his Personal Guaranty.

COMPLAINT FOR MONETARY DAMAGES – 7

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 4:21-cv-00017-JMK   Document 1   Filed 07/21/21   Page 7 of 10

3.24    As of the date of this complaint, Jeffrey Day owes the Local 302/612 Operating Engineers Trust Funds $444,917.70, consisting of the Settlement Agreement principal of $390,669.25, and $54,248.45 in additional accrued prejudgment interest due to non-payment, arising from his personal guaranty of the Settlement Agreement executed by Alaska Industrial, LLC.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1    The Local 302/612 Operating Engineers Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.24 above.

4.2    Alaska Industrial's failure to properly report and pay fringe benefit contributions constitutes breaches of the terms of the Sand and Gravel Agreement and the Truck Shop Agreement between the Union and Alaska Industrial, to which the Local 302/612 Operating Engineers Trust Funds are beneficiaries.  Alaska Industrial's failure to properly report and pay fringe benefit contributions constitutes breaches of the Trust Agreements, the terms of which Alaska Industrial agreed to when it became signatory to the above-referenced labor agreements.

4.3    As a result of Alaska Industrial's breaches, the Local 302/612 Operating Engineers Trust Funds have been damaged in an amount to be proven at trial, but not less than $141,563.16, plus additional prejudgment interest, attorney fees, and costs of collection.

### Second Cause of Action
### (Violation of ERISA)

4.4    The Local 302/612 Operating Engineers Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.24.

COMPLAINT FOR MONETARY DAMAGES – 8

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 4:21-cv-00017-JMK   Document 1   Filed 07/21/21   Page 8 of 10

4.5 Each instance of Alaska Industrial's failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

4.6 As a result of Alaska Industrial's violations, the Local 302/612 Operating Engineers Trust Funds have been damaged in an amount to be proven at trial, but not less than $141,563.16, plus additional prejudgment interest, attorney fees, and costs of collection.

## Third Cause of Action
## (Breach of Guaranty)

4.7 The Local 302/612 Operating Engineers Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.24.

4.8 Defendant Jeffrey Day's failure to fulfill his obligations under the Personal Guaranty constitutes a breach of contract under applicable law.

4.9 As a result of Jeffrey Day's breach of the Personal Guaranty, the Local 302/612 Operating Engineers Trust Funds have been damaged in an amount to be proven at trial, but not less than $444,917.70.

## V. REQUESTED RELIEF

The Plaintiff Local 302/612 Operating Engineers Trust Funds respectfully request the Court grant the following relief:

A. Judgment in favor of the Local 302/612 Operating Engineers Trust Funds against Alaska Industrial, in an amount to be determined at trial, but not less than $100,966.54, representing past-due and delinquent fringe benefit contributions owed by Defendant for the period June 1, 2020 through June 30, 2021, pursuant to the terms of the labor and trust agreements to which Alaska Industrial is a party;

B. Judgment in favor of the Local 302/612 Operating Engineers Trust Funds against Alaska Industrial, in an amount to be determined at trial, but not less than

COMPLAINT FOR MONETARY DAMAGES – 9

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 4:21-cv-00017-JMK   Document 1   Filed 07/21/21   Page 9 of 10

$31,102.99, representing liquidated damages owed by Defendant pursuant to the terms of the labor and trust agreements to Alaska Industrial is a party;

C. Judgment in favor of the Local 302/612 Operating Engineers Trust Funds against Alaska Industrial, in an amount to be determined at trial, but not less than $9,493.63, representing accrued prejudgment interest owed by Defendant pursuant to the terms of the labor and trust agreements to which Alaska Industrial is a party;

D. Judgment in favor of the Local 302/612 Operating Engineers Trust Funds against Jeffrey Day, in an amount to be determined at trial, but not less than $444,917.70, representing amounts owed (joint and several liability with Alaska Industrial) pursuant to his Personal Guaranty of the obligations of Alaska Industrial, LLC;

E. Judgment in favor of the Local 302/612 Operating Engineers Trust Funds against Jeffrey Day, in an amount to be determined at trial, representing additional accrued prejudgment interest owed by Mr. Day pursuant to his Personal Guaranty of the obligations of Alaska Industrial, LLC;

F. An award of reasonable attorney fees in an amount to be determined by the Court, but not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Alaska Industrial is a party, and as authorized under ERISA;

G. An award of reasonable attorney fees in an amount to be determined by the Court, but not less than $5,000.00, plus costs of collection, as authorized by Settlement Agreement via the Personal Guaranty to which Jeffrey Day is a party;

H. An award of post-judgment interest at the 12% rate specified by the applicable trust agreement, and as authorized under ERISA; and

I. Any other such relief under federal law or as is just and equitable.

Dated: July 20, 2021.

s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, ABA #1705026
**Barlow Coughran Morales & Josephson, P.S.**
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@bcmjlaw.com

Counsel for Plaintiffs
Local 302/612 Operating Engineers Trust Funds

COMPLAINT FOR MONETARY DAMAGES – 10

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 4:21-cv-00017-JMK   Document 1   Filed 07/21/21   Page 10 of 10