IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT FUND, and ALASKA OPERATING ENGINEERS-EMPLOYERS TRAINING TRUST FUND,<br><br>      Plaintiffs,<br><br> vs.<br><br>ALASKA INDUSTRIAL, LLC, an Alaska limited liability company, and JEFFREY DAY, an individual,<br><br>      Defendants. | Case No. 4:21-cv-00017-JMK<br><br>**ORDER GRANTING<br>DEFAULT JUDGMENT** |

Before the Court at Docket 9, Plaintiffs Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund, Locals 302 and 612 of the International Union of Operating Engineers-Employers Construction Industry Retirement Fund, and Alaska Operating Engineers-Employers

Training Trust Fund (collectively, "the Trust Funds" or "Plaintiffs") move for default judgment against Defendant Alaska Industrial, LLC ("Alaska Industrial") and Defendant Jeffrey Day. Neither Defendant has responded. For the foregoing reasons, the motion is **GRANTED.**

## I. BACKGROUND

On July 21, 2021, Plaintiffs filed a "Complaint for Monetary Damages" against Defendants.[1] The summons were returned executed for both Defendants on September 29, 2021,[2] but Defendants have failed to answer or otherwise participate in this action.

Plaintiffs' Complaint alleges that Defendant Alaska Industrial failed to comply with its obligations under two labor agreements, the Sand and Gravel Agreement and the Truck Shop Agreement ("the labor agreements"), to which the Trust Funds are beneficiaries.[3] Both labor agreements require Alaska Industrial to pay and report fringe benefit contributions to the various Trust Funds.[4] By signing the two labor agreements, Alaska Industrial bound itself to the written terms and conditions of each Trust Fund ("the trust agreements"). For all delinquent contributions, each trust agreement imposes liquidated damages of 12 percent, but not less than $25, and assesses a 12 percent interest rate until payment is received.[5] The trust agreements also provide for payment of

---

[1] Docket 1.
[2] Docket 3; Docket 4.
[3] *See generally* Docket 1.
[4] *See* Docket 10-1 at 16–18 (Sand and Gravel Agreement); *id.* at 34–36 (Truck Shop Agreement).
[5] *See* Docket 10-2 at 18 (Health and Security Trust Agreement); Docket 10-3 at 16 (Retirement Trust Agreement); Docket 10-4 at 34 (Training Trust Agreement).

*Locals 302 and 612, et al. v. Alaska Industrial, LLC, et al.*     Case No. 4:21-cv-00017-JMK
Order Granting Default Judgment     Page 2
Case 4:21-cv-00017-JMK   Document 12   Filed 05/13/22   Page 2 of 12

reasonable attorney fees and all reasonable costs incurred in the collection process.[6] Both labor agreements became effective in August 2016.[7]

Alaska Industrial became delinquent in its contributions owed to the Trust Funds, and the Trust Funds brought multiple suits in federal court. On June 12, 2020, Alaska Industrial and the Trust Funds entered into a Settlement Agreement, in which the parties agreed to a payment plan for the outstanding amounts owed under eleven federal court judgments and as alleged in three pending federal court actions.[8] Also as a condition of settlement, Alaska Industrial agreed to remain current with its ongoing reporting and payment obligations under the labor agreements.[9] Defendant Jeffrey Day executed a Personal Guaranty of all amounts owed by Alaska Industrial under the Settlement Agreement.[10]

On or about June 30, 2020, Alaska Industrial paid the first installment to the Trust Funds under the Settlement Agreement's payment plan.[11] Plaintiffs allege that Alaska Industrial did not make a second installment payment, and that both Alaska Industrial and Jeffrey Day were provided with written notice of the breach on September 25, 2020.[12] The notice warned that if Alaska Industrial did not cure its breach prior to October 5, 2020, the company would be in default, the Settlement Agreement

---

[6] *See* Docket 10-2 at 18 (Health and Security Trust Agreement); Docket 10-3 at 16 (Retirement Trust Agreement); Docket 10-4 at 34 (Training Trust Agreement).
[7] Docket 10-1 at 15, 40.
[8] Docket 10-5 at 1–5.
[9] *Id.* at 4.
[10] *Id.* at 7.
[11] Docket 1 at ¶ 3.20.
[12] *Id.* at ¶¶ 3.21, 3.22; *see also* Docket 11 at 6–7 (Notice of Breach).

*Locals 302 and 612, et al. v. Alaska Industrial, LLC, et al.*  Case No. 4:21-cv-00017-JMK
Order Granting Default Judgment  Page 3
Case 4:21-cv-00017-JMK   Document 12   Filed 05/13/22   Page 3 of 12

would terminate, and the Personal Guaranty would be enforced.[13] Plaintiffs allege that Alaska Industrial did not cure its default on or before October 5, 2020, and that Defendant Jeffrey Day did not provide payment of Alaska Industrial's obligations as required by his Personal Guaranty.[14] In addition to falling into default under the Settlement Agreement's payment plan, Alaska Industrial failed—and continues to fail—to properly report and pay fringe benefit contributions to the Trust Funds pursuant to the labor agreements.[15]

Plaintiffs assert claims against Alaska Industrial for breach of contract and violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1145.[16] At the time of the Complaint, Plaintiffs allege that Alaska Industrial owed them $100,966.54 in delinquent fringe benefits, $31,102.99 in liquidated damages, and $9,493.63 in accrued, prejudgment interest for the period of June 2020 through June 2021.[17]

Plaintiffs assert claims against Jeffrey Day for breach of contract by failing to fulfill his obligations under the Personal Guaranty.[18] At the time of the Complaint, Plaintiffs allege that Jeffrey Day owes the Trust Funds $390,669.25 for the Settlement Agreement principal and $54,248.45 in accrued prejudgment interest.[19]

---

[13] Docket 1 at ¶ 3.22.
[14] *Id*. at ¶ 3.23.
[15] *Id*. at ¶ 3.15.
[16] *Id*. at ¶¶ 4.1–4.6.
[17] *Id*. at ¶ 3.14.
[18] *Id*. at ¶¶ 4.7–4.9.
[19] *Id*. at ¶ 3.24.

Locals 302 and 612, et al. v. Alaska Industrial, LLC, et al.　　　　Case No. 4:21-cv-00017-JMK
Order Granting Default Judgment　　　　Page 4
Case 4:21-cv-00017-JMK　　Document 12　　Filed 05/13/22　　Page 4 of 12

Plaintiffs moved for entry of default on September 29, 2021,[20] and the Clerk of Court entered default on October 5, 2021.[21] On January 25, 2022, Plaintiffs moved for default judgment.[22]

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 55(b)(2), once default has been entered by the Clerk of Court, the party seeking affirmative relief may move the Court to enter a default judgment.[23] The Court has discretion when entering default judgment.[24] Generally, after entry of default, the well-pleaded factual allegations regarding liability are taken as true and the district court is not required to make "detailed findings of fact."[25] However, the amount of Plaintiffs' damages must be shown by evidence.[26] If Plaintiffs' monetary damages cannot be proven by mathematical calculation, the court must hold a hearing or otherwise ensure that the damage award is appropriate.[27]

In *Eitel v. McCool*, the Ninth Circuit identified seven factors that courts can consider in exercising their discretion to award a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the

---

[20] Docket 6.
[21] Docket 8.
[22] Docket 9.
[23] Fed. R. Civ. P. 55(b)(2). On occasion, the clerk may enter default judgment. *See* DEFAULT JUDGMENT, RUTTER GROUP PRAC. GUIDE, Fed. Civ. Pro. Before Trial Ch. 6-D ("In certain cases, a default judgment may be automatically entered by the clerk of court without a court hearing or judicial action. Only when several circumstances are met, including a requirement that the claim is for a "sum certain" or can be made by computation, is this path permitted.").
[24] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).
[25] *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).
[26] *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).
[27] *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

*Locals 302 and 612, et al. v. Alaska Industrial, LLC, et al.*     Case No. 4:21-cv-00017-JMK
Order Granting Default Judgment     Page 5
Case 4:21-cv-00017-JMK     Document 12     Filed 05/13/22     Page 5 of 12

sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.[28] While the court is not obligated to enter a default judgment, "[i]n applying this discretionary standard, default judgments more often are granted than denied."[29]

### III. DISCUSSION

As a preliminary matter, the Court notes that the entry of default was appropriate in this case. Entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."[30] A party has no duty to defend, however, unless the plaintiff properly served the defendant with the summons and complaint, or the defendant waives such service, pursuant to Federal Rule of Civil Procedure 4.[31] Here, the summonses were returned executed at Dockets 3 and 4, demonstrating that both Defendants were properly served with the summons and original complaint on August 11, 2021, pursuant to Rule 4. The entry of default was proper, and, as such, the Court accepts any well-pleaded factual allegations regarding liability as true.[32]

The Court now considers the *Eitel* factors to determine whether it should enter default judgment against Defendants. The factors weigh in support of default judgment.

---

[28] 782 F.2d 1470, 1471–72 (9th Cir. 1986).
[29] *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).
[30] Fed. R. Civ. P. 55(a).
[31] *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (holding "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons").
[32] *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

*Locals 302 and 612, et al. v. Alaska Industrial, LLC, et al.*　　　　　　　　　　Case No. 4:21-cv-00017-JMK
Order Granting Default Judgment　　　　　　　　　　　　　　　　　　　　　　　　Page 6

Case 4:21-cv-00017-JMK　　Document 12　　Filed 05/13/22　　Page 6 of 12

### A. Possibility of Prejudice to Plaintiffs

Plaintiffs have provided numerous documents and declarations that establish Defendants' obligations under the labor agreements, the Settlement Agreement, and the Personal Guaranty.[33] In addition to showing Defendants' liability in the present suit, the evidence also reveals Defendant Alaska Industrial's history of failing to pay its fringe benefit contributions to the Trust Funds. The Settlement Agreement outlines eleven federal court judgments against Alaska Industrial for trust monies owed from September 2014 through December 2019, and three pending suits for trust monies owed from April 2019 through February 2020.[34] Notwithstanding settlement of these debts, Alaska Industrial continued to default, even after it pledged to remain current, entered into a payment plan, and manager Jeffrey Day executed a Personal Guaranty.[35] Neither Alaska Industrial nor Jeffrey Day responded to the Notice of Default or attempted to cure the default, and neither Defendant has appeared in this lawsuit.[36] In the absence of a default judgment in favor of Plaintiffs, Plaintiffs' attempts to recover via a judicial proceeding will be fruitless. The prejudice to Plaintiffs weighs in favor of granting default judgment.

---

[33] *See* Docket 10 (declaration of third-party administrator for the Trust Funds); Docket 10-1 (labor agreements); Docket 10-2 (health and security trust agreement); Docket 10-3 (retirement trust agreement); Docket 10-4 (training trust agreement); Docket 10-5 at 1–5 (Settlement Agreement); *id*. at 7 (Personal Guaranty); *id*. at 8–36 (remittance reports submitted by Alaska Industrial from June 2020 through September 2021); *id*. at 38–68 (claim summary as to Defendant Alaska Industrial); *id*. at 70 (claim summary as to Defendant Jeffrey Day); Docket 11 at 6–7 (Notice of Breach).
[34] Docket 10-5 at 2–3.
[35] *Id*. at 4–5, 7.
[36] Docket 11 at 2.

*Locals 302 and 612, et al. v. Alaska Industrial, LLC, et al.*   Case No. 4:21-cv-00017-JMK
Order Granting Default Judgment   Page 7
Case 4:21-cv-00017-JMK   Document 12   Filed 05/13/22   Page 7 of 12

## B. Merits of Plaintiffs' Substantive Claim; Sufficiency of the Complaint

To prevail on its breach of contract claim and ERISA claim, Plaintiffs must establish that Defendant Alaska Industrial failed to meet its obligations under the labor agreements by the agreed date. To prevail on its breach of contract claim against Defendant Jeffrey Day, Plaintiffs must establish that he failed to meet his obligations under the Personal Guaranty. The Complaint sets out the well-pleaded facts surrounding the execution of the labor agreements and Personal Guaranty and the failure to perform the obligations under those contracts.[37] As mentioned, Plaintiffs have provided ample evidence to support their allegations: copies of the labor agreements, the revised trust agreements, the Settlement Agreement, the Personal Guaranty, remittance reports submitted by Alaska Industrial, claim summaries, the Notice of Breach and Demand Letter, and a declaration from the Trust Funds' third-party administrator.[38] The relief sought via default judgment is consistent with the relief prayed for in Plaintiffs' complaint. Defendants have, at all times, been on notice that the Plaintiffs seek a money judgment in a specific amount. Because all well-pleaded allegations of the Complaint are deemed true upon the entry of default,[39] "there is no likelihood that any genuine issue of material fact exists" once default is entered.[40] Thus, the Court concludes that Defendants are liable to

---

[37] *See generally* Docket 1.
[38] *See* Docket 10; Docket 10-1; Docket 10-2; Docket 10-3; Docket 10-4; Docket 10-5.
[39] *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).
[40] *Elektra Entertainment Grp., Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005); *see also Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) ("[T]here is little possibility of dispute concerning material facts because (a) based on the entry of default, the Court accepts all allegations in [the Complaint] as true . . . and (b) [the defendant] has not made any attempt to challenge [the Complaint] or even appear in this case.").

*Locals 302 and 612, et al. v. Alaska Industrial, LLC, et al.*     Case No. 4:21-cv-00017-JMK
Order Granting Default Judgment     Page 8
Case 4:21-cv-00017-JMK    Document 12    Filed 05/13/22    Page 8 of 12

Plaintiffs for the delinquent payments, liquidated damages, interest, and attorney's fees as outlined in Plaintiffs' Complaint.

**C.      Sum of Money at Stake in the Action**

The recovery sought via default judgment can be calculated to a sum certain, based on Defendants' obligations under the labor agreements, trust agreements, Settlement Agreement, and Personal Guaranty. At the time of Plaintiffs' Motion for Default Judgment, Alaska Industrial owed $131,497.20 in delinquent and unpaid fringe benefit contributions for the period June 1, 2020, to September 30, 2021, as well as $34,508.69 in liquidated damages, and $16,644.33 in accrued prejudgment interest.[41] Based on the amounts set forth in the Settlement Agreement and Personal Guaranty, Defendant Jeffrey Day owes $245,640.10 in agreed-upon delinquent fringe benefit contributions, $65,205.08 in agreed-upon liquidated damages, $39,783.74 in agreed-upon interest, and $68,294.52 in post-Settlement Agreement accrued interest.[42] Plaintiffs also seek to recover attorney fees and costs, discussed below. For both Defendants, post-judgment interest shall accrue at the 12 percent interest rate set forth in the various trust agreements and Settlement Agreement.

**D.      Attorney's Fees and Costs Under ERISA**

The Trust Funds contend that they are entitled to collect reasonable attorney's fees and costs against Jeffrey Day pursuant to the Settlement Agreement[43] and

---

[41] Docket 9 at 9; *see also* Docket 10-5 at 38.
[42] Docket 9 at 11; *see also* Docket 10-5 at 4, 7, 70.
[43] Docket 10-5 at 4.

*Locals 302 and 612, et al. v. Alaska Industrial, LLC, et al.*  Case No. 4:21-cv-00017-JMK
Order Granting Default Judgment  Page 9
Case 4:21-cv-00017-JMK   Document 12   Filed 05/13/22   Page 9 of 12

against Alaska Industrial pursuant to ERISA, 29 U.S.C. § 1132(g)(2). Based on the plain language of both ERISA and the Settlement Agreement, there is no dispute that Plaintiffs are entitled to costs and attorney's fees incurred in this action.[44] Where, as here, plaintiffs are entitled to reasonable attorney's fees, the court will determine the amount to be awarded.[45] Regarding Defendant Alaska Industrial, Plaintiffs support their attorney's fees request with detailed time records that specify the date, the hours expended, and the nature of the work done.[46] The attorney's rate is $300 per hour, resulting in $5,730 in attorney's fees for hours directly relating to the Plaintiffs' enforcement of their right to receive remittance reports and fringe benefit contributions payments in this matter, and $552 in costs relating to the filing of this action.[47] Regarding Defendant Jeffrey Day, the Settlement Agreement and Personal Guaranty include agreed-upon attorney's fees of $5,461 and costs of $5,821.13.[48] The Court finds the rate and the amount of time expended are reasonable.

### E. Possibility Of A Dispute Concerning Material Facts

The labor agreements, trust agreements, Settlement Agreement, and Personal Guaranty clearly establishes the obligations of Defendants to Plaintiffs, and the sums are both expected and calculable based on terms known to Defendants at the time the contracts were executed. Defendants also received a Notice of Default that outlined the material

---

[44] *See* 29 U.S.C. § 1132(g)(2); Docket 10-5 at 4.
[45] *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (describing lodestar and multiplier approaches for determining attorney fees in ERISA actions).
[46] Docket 11 at 9–12.
[47] *Id*. at 2–3.
[48] Docket 10-5 at 4, 7.

*Locals 302 and 612, et al. v. Alaska Industrial, LLC, et al.*     Case No. 4:21-cv-00017-JMK
Order Granting Default Judgment     Page 10
Case 4:21-cv-00017-JMK    Document 12    Filed 05/13/22    Page 10 of 12

facts in this dispute and forecasted a lawsuit in federal court. The Court considers it highly unlikely there would be a dispute over material facts, and this factor favors default judgment.

F.  **Whether the Default Was Due to Excusable Neglect**

"Due process requires that all interested parties be given notice . . . of [an] action and be afforded opportunity to present their objections."[49]  In cases where Defendants have received a copy of the complaint and maintained ongoing awareness of the lawsuit, as occurred here, the possibility of excusable neglect is diminished.[50]

G.  **Strong Policy Favoring Decision on the Merits**

Although the Court should resolve cases on their merits "whenever reasonably possible," "the mere existence of Fed. R. Civ. P. 55(b) indicates that 'this preference, standing alone, is not dispositive.'"[51]  Further, when a defendant fails to respond to the complaint, "a decision on the merits [is] impractical, if not impossible."[52] This factor is the only one from *Eitel* that favors denial of default judgment, but as discussed, a resolution on the merits is unlikely in this case.

The Court, having considered each of the factors above, hereby **GRANTS** Plaintiffs' Motion for Entry of Default Judgment at Docket 9.  The Court **FURTHER ORDERS** that Plaintiffs will provide an updated award summary with the current pre-

---

[49] *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).
[50] *Id.* at 500–01.
[51] *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).
[52] *Id.*

*Locals 302 and 612, et al. v. Alaska Industrial, LLC, et al.*  Case No. 4:21-cv-00017-JMK
Order Granting Default Judgment  Page 11
Case 4:21-cv-00017-JMK   Document 12   Filed 05/13/22   Page 11 of 12

judgment interest owed by Defendant Alaska Industrial and Defendant Jeffrey Day on or before May 20, 2022. The Court's default judgment against Defendants will follow.

IT IS SO ORDERED this 13th day of May, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Locals 302 and 612, et al. v. Alaska Industrial, LLC, et al.*                          Case No. 4:21-cv-00017-JMK
Order Granting Default Judgment                                                                          Page 12
Case 4:21-cv-00017-JMK    Document 12    Filed 05/13/22    Page 12 of 12